**Anthony KOSS, Plaintiff,**

v.

**AMERICAN STEAMSHIP COMPANY, a New York corporation, Defendant.**

**Civ. A. No. 19758.**

United States District Court
E. D. Michigan, S. D.

Nov. 14, 1960.

**512**

Goodman, Crockett, Eden & Robb, Detroit, Mich., for plaintiff.

Foster, Meadows & Ballard, Detroit, Mich., Coffey, Heffernan & Harrison, Buffalo, N. Y., for defendant.

FEIKENS, District Judge.

Plaintiff, by motion, seeks to obtain from defendant copies of certain statements taken by defendant's attorney from its crew. Plaintiff's request is grounded on Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. Hence good cause must be shown.

This is the issue.

From the affidavit of Fenton F. Harrison we learn that the statements the plaintiff seeks were taken by defendant's attorney or by members of his firm. Thus such statements are the work product of attorneys and it is clear are privileged within the rule announced in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, unless good cause is shown.

Defendant, some three months ago (August 5, 1960), furnished to plaintiff the names and addresses of all known witnesses. Defendant's attorney stated in open court that these persons were the only ones from whom he had taken either written or oral statements. These persons must be presumed available to plaintiff under the subpoena process of this court in the absence of a contrary showing. Furthermore, this case is not scheduled for immediate trial and plaintiff has ample opportunity to take depositions or statements.

Under the circumstances here set forth good cause has not been shown and plaintiff's motion to compel production of defendant's statements is denied.

As to the remaining aspect of plaintiff's motion, since defendant has agreed to produce the master and the mate for deposition and examination by plaintiff, this aspect of plaintiff's motion will be held in abeyance.

Again, in the absence of a contrary showing it must be presumed that the remaining "witnesses"—mate and boatswain—are available to plaintiff under the subpoena process of this court.

An order in accordance with this opinion may be submitted by defendant.